IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SHAWN M. DICKINSON, #256 934,            *

    Petitioner,                                           *

    v.                                                              *        3:11-CV-700-TMH
                                                                                    (WO)
WARDEN MASAN, *et al.*,                         *

    Respondents.                                       *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Shawn Dickinson, a state inmate, on August 25, 2011, and his amended petition filed on September 22, 2011. Following a trial in the Circuit Court for Russell County, Alabama, a jury convicted Petitioner of second degree rape, second degree sodomy, and second degree sexual abuse on December 5, 2007. The trial court imposed a twenty year sentence on the rape conviction and a twenty year sentence on the sodomy conviction with said sentences to run consecutively. For the sexual abuse conviction, the trial court sentenced Petitioner to twelve months in the county jail and directed said sentence to run concurrently with the sentence imposed for his rape conviction. By operation of law, Petitioner's convictions became final on November 19, 2008.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition, as amended, is barred by the one-year limitation period

applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's convictions became final in November 2008 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on May 4, 2009,[2] and a second Rule 32 petition on August 13, 2010. They maintain, however, that even allowing a tolling of the limitation period during the pendency of these Rule 32 petitions, the limitation period expired prior to Petitioner filing the present federal habeas petition. *(Doc. No. 17 at pgs. 6-11.)*; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Petitioner was convicted of second degree rape, second

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[2] Although Respondents state that Petitioner filed his first post-conviction petition on or about May 8, 2009, the court deems it appropriate to utilize the date referenced by the Alabama Court of Criminal Appeals in denying Petitioner's appeal of his second Rule 32 petition, *i.e.*, May 4, 2009. (*See* Doc. No. 17, Exh. G.*)

degree sodomy, and sexual abuse by the Circuit Court for Russell County, Alabama, on December 5, 2007, and sentenced to consecutive terms of twenty years' imprisonment for the rape and sodomy convictions and a twelve months term of confinement in the county jail for the sexual abuse conviction to run concurrent with the rape conviction.  The Alabama Court of Criminal affirmed Petitioner's appeal of his convictions on October 17, 2008 and issued a certificate of judgment on November 5, 2008. (*Doc. No. 17, Exhs, A, B*.) Petitioner did not further appeal his convictions. Since Petitioner failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 2007 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from issuance of the certificate of judgment.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's convictions became final on November 19, 2008 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

      28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

section." The court finds that the limitation period ran for 165 days or five months and 14 days after Petitioner's convictions became final until the filing of a Rule 32 petition in the Circuit Court for Russell County on May 4, 2009. The trial court denied the petition on February 17, 2010. Petitioner appealed the denial of his post-conviction petition on April 9, 2010. The Alabama Court of Criminal Appeals dismissed the appeal as untimely on May 5, 2010. Because Petitioner's appeal of his Rule 32 petition was dismissed as untimely, the limitation period under § 2244(d), therefore, began to run again on February 18, 2010 and ran for an additional 180 days or five months and 30 days until Petitioner filed a second Rule 32 petition on August 13, 2010.[3] The trial court denied Petitioner's second post-conviction petition on October 5, 2010. The Alabama Court of Criminal Appeals affirmed the lower court's decision on February 18, 2011. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on June 10, 2011. (*Doc. No. 17, Exhs. C-H*.) As of the aforementioned date, Petitioner had twenty (20) days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on July 1, 2011. As noted, Petitioner filed this application for federal habeas relief on August 25, 2011, 55 days or 1 month and 5 days after the applicable limitation period had expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant

---

[3]Petitioner's request for pauper status which accompanied his second Rule 32 petition was signed by Petitioner on August 13, 2010. (*Doc. No. 17, Exh. C at pg. 20.*)

§ 2254 petition.  In light of the foregoing, it is

  ORDERED that on or before **November 7, 2011** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

  Done, this 17th day of October 2011.

           /s / Terry F. Moorer
           TERRY F. MOORER
           UNITED STATES MAGISTRATE JUDGE