IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAWN M. DICKINSON, #256 934, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  3:11-CV-700-TMH |
| | )                    [WO] |
| WARDEN MASAN, *et al*., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Shawn Dickinson, a state inmate, on August 25, 2011.[1]  Following a trial in the Circuit Court for Russell County, Alabama, a jury convicted Petitioner of second degree rape, second degree sodomy, and second degree sexual abuse on December 5, 2007.  The trial court sentenced Petitioner on January 22, 2008, as a habitual offender, to  a twenty year sentence on the rape conviction and a consecutive twenty year sentence for the sodomy conviction.  The trial court sentenced Petitioner on the sexual abuse conviction to twelve months in the county jail to run concurrently with the sentence imposed for his rape conviction.

---

[1]Although the present petition was stamped "filed" in this court on August 29, 2011, the petition was signed by Petitioner on August 25, 2011.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Dickinson] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers August 25, 2011 as the date of filing.

Pursuant to the orders of this court, Respondents filed an answer to the petition, as amended, in which they argue that the instant application for habeas relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's convictions became final in November 2008 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents note that Petitioner filed state post-conviction petitions in May of 2009 and August of 2010. They maintain, however, that even allowing a tolling of the limitation period during the pendency of these Rule 32 petitions, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Court Doc. No. 17 at pgs. 6-11*; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001). Respondents further argue that, with regard to Petitioner's claim of actual innocence, *see Court Doc. Nos. 30, 32*, he presents no new reliable evidence of his actual innocence so as to circumvent application of the limitation period to bar review of his claims. *Court Doc. Nos. 17, 40*.

Based on Respondents' arguments, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and had presented no new reliable evidence of his

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

actual innocence so as to circumvent application of the limitation period. *Court Doc. Nos. 28, 41*. The orders gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner took the opportunity granted to file a response. *Court Doc. Nos. 21,26, 32, 38, 44*. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Actual Innocence- Independent Claim*

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of his convictions. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, Petitioner is entitled to no relief from this court on his independent claim of actual innocence.

*B.  Actual Innocence - Gateway to Excuse Time Bar*

This court must determine whether Petitioner has made a showing of actual innocence before addressing Respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations.  *See McQuiggin v. Perkins,* ___ U.S. ____, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations."); *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008); *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case."  *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims."  *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual

innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

In support of his claim that he is actually innocent of his convictions and his innocence serves as a "gateway" through which this court may consider his claims that are otherwise barred by the AEDPA's one-year limitation period, Petitioner alleges that he can call into question the credibility of the witnesses who testified at trial. In support of this contention Petitioner states that certain testimony given at trial by the victim and her mother was contradictory and that the testimony provided by a witness at his Rule 32 hearing, who did not testify at his trial, also contradicted testimony given by the victim and the victim's mother at trial. Petitioner further maintains that some of the victim's testimony was "not true." He claims that "[t]he whole case is based on the possibility or probability that a thing could have or may have occurred "<u>without proof</u>" that it did occur[;] mere possibility[,] suspicion[,] or guesswork. Petitioner never went over to this house[;] Petitioner was never alone with the so called victim. If you add all the evidence up you get that no juror would have found petitioner guilty." *Court Doc. No. 32* at 13 (emphasis in original). In further

support of his "gateway" claim of actual innocence, Petitioner submits affidavits from three individuals whom he asserts were eye witnesses but whom he claims trial counsel failed to subpoena to testify at his trial.   None of the affidavits are sworn and only one is notarized. Nonetheless, nothing contained in the affidavits reflects that the individuals were actual eye witnesses to any acts relating to Petitioner's crimes.  *Court Doc. No. 38, Exhs. A, C, D.*

The court finds that Petitioner asserts no more than his own self-serving, conclusory allegation that he is actually innocent claiming that the evidence presented at trial was insufficient to sustain his convictions and that the State's witnesses, including the victim of Petitioner's crimes, testified falsely.  Petitioner's arguments concerning the State's failure to prove the essential elements of the offenses for which he was convicted merely go to the sufficiency of and/or the weight afforded the evidence presented at trial, issues decided adversely to Petitioner by a jury, and clearly fail to establish Petitioner's actual innocence of second degree rape, second degree sodomy, and second degree sexual abuse.  *See Bousley*, 523 U.S. at 622.

Petitioner's assertions do not constitute "new reliable evidence" of his actual innocence  nor has he demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  *See generally Herrera,* 506 U.S. at  417, 423 (because post-trial affidavits are "obtained without the benefit of cross-examination," they "are to be treated with a fair degree of skepticism." (O'Connor, J., concurring)).  Because Petitioner has failed to demonstrate his actual innocence, the court

finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

*C. The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

Petitioner was convicted of second degree rape, second degree sodomy, and sexual abuse by the Circuit Court for Russell County, Alabama, on December 5, 2007, and sentenced to consecutive terms of twenty years' imprisonment for the rape and sodomy convictions and a twelve months term of confinement in the county jail for the sexual abuse conviction to run concurrent with the rape conviction. Petitioner filed a motion for new trial which the trial court denied on January 30, 2008. Petitioner was appointed new counsel on appeal who filed an *Anders* brief.[3] Acting *pro se*, Petitioner submitted various arguments for appellate review including his contention that he received ineffective assistance of trial counsel for counsel's failure to subpoena certain witnesses, conduct witness interviews,

---

[3]*Anders v. California*, 386 U.S. 738 (1967).

perform a pretrial investigation, and move for a production of documents. The Alabama Court of Criminal affirmed Petitioner's convictions on October 17, 2008, and issued a certificate of judgment on November 5, 2008. *Court Doc. No. 17, Exhs, A, B*. Petitioner did not further appeal his convictions. Since Petitioner failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 2007 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on November 19, 2008, and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

  *i. Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

section." The court finds that the limitation period ran for 166 days or five months and 15 days after Petitioner's convictions became final until the filing of a Rule 32 petition in the Circuit Court for Russell County on May 4, 2009. *See Court Doc. No. 17, Exh.B; Exh. G* at 2. The trial court denied the petition on February 17, 2010, after which Petitioner had forty-two days in which to appeal the denial. *Id., Exh. G* at 2. Petitioner appealed the denial of this post-conviction petition on April 9, 2010, which the Alabama Court of Criminal Appeals dismissed as untimely on May 5, 2010. *Id.*, *and Exhs. D, E, F.* Because Petitioner's appeal of his Rule 32 petition was dismissed as untimely, the limitation period under § 2244(d), therefore, began to run again on April 1, 2010,[4] and ran for an additional 134 days until Petitioner filed a second Rule 32 petition on August 13, 2010, seeking an out-of-time appeal from the denial of his first Rule 32 petition. *See Court Doc. No. 17, Exh. C* at 20. The trial court denied Petitioner's second post-conviction petition on October 5, 2010. *Id., Exh. C* at 25. The Alabama Court of Criminal Appeals affirmed the lower court's decision on February 18, 2011. *Id., Exh. G.* The Alabama Supreme Court denied Petitioner's petition for writ of

---

[4] Petitioner is not entitled to statutory tolling of the federal limitation period with regard to the untimely appeal of the state court's order denying the Rule 32 petition. *See Court Doc. No. 26 (Petitioner's Response to Timeliness)*. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [appeal] as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."). Despite the lack of tolling with respect to this attempted appeal, Petitioner's initial Rule 32 petition tolled the running of the federal limitation period from May 4, 2009, until March 31, 2010, as Petitioner had forty-two days from the court's February 17, 2010, order denying his Rule 32 petition in which to appeal said decision. As noted, however, even allowing tolling of the federal limitation period while the Rule 32 petition remained pending in the state courts, the limitation period expired prior to Petitioner filing this federal habeas petition. *Moore v. Crosby,* 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending).

certiorari on June 10, 2011. *Id., Exh. H.* As of the aforementioned date, Petitioner had sixty-five (65) days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition, absent equitable tolling, expired on August 15, 2011.[5] As noted, Petitioner filed this application for federal habeas relief on August 25, 2011, ten days after the applicable limitation period had expired.

      Petitioner attempts to seek refuge in the statutory tolling provision of 28 U.S.C. § 2244(d)(1)(B). *Court Doc. No. 21*. He asserts that the State impeded him from timely filing the instant petition by sending notice of the trial court's denial of his first Rule 32 petition to his institutional prison address at a time when he had been temporarily transferred to a county jail. The court notes that Petitioner presented this argument on appeal from the trial court's denial of his request to file an out-of-time appeal of his first Rule 32 petition. The Alabama Court of Appeals determined that based on Petitioner's own statements regarding the date he was returned to his permanent institution, he did have the ability to file a timely notice of appeal from the denial of his initial Rule 32 conviction. *Court Doc. No. 17, Exh. G* at 3; *see also Court Doc. No. 26.* Nonetheless, with regard to determining the timeliness of the instant petition, Petitioner has failed to show a causal connection between his late filing and the conduct Petitioner ascribes to the state court officials. Petitioner's assertions simply do not amount to a State created impediment which prevented him from being able

---

[5]Because the actual expiration date, August 14, 2011, fell on a Sunday, Petitioner had until August 15, 2011, to file a timely habeas application.

to file a timely habeas application in this court. Accordingly, the undersigned rejects Petitioner's arguments that § 2244(d)(1)(B) serves as an appropriate statutory trigger for the limitations period.

*ii. Equitable Tolling of the Limitation Period*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District*

*Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

To the extent Petitioner seeks equitable tolling due to: (i) his limited legal knowledge and resulting lack of notice of the federal limitation period; (ii) lack of effective assistance from inmate law clerks; (iii) purported denial of access to legal materials; and (iv) purported clerical errors with respect to matters associated with his post-conviction filings, he is entitled to no relief from this court as none of these arguments warrants equitable tolling of the one-year period of limitation. *Court Doc. Nos. 19, 21, 32*.

The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable

tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."). To the extent that Petitioner asserts lack of reliable inmate assistance as a basis for equitable tolling, this assertion fails to justify such tolling. A petitioner has no right to legal assistance in a habeas action and, thus, neither the perceived need to rely nor actual reliance on the assistance of an inmate clerk establishes extraordinary circumstances necessary to excuse the untimely filing of a petition. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such

proceedings); *Marsh*, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). In addition, the numerous pleadings and documents filed by Petitioner demonstrate he is more than capable of presenting the relevant facts, necessary elements, and requisite arguments regarding his claims to this court.

With respect to Petitioner's conclusory and unsupported claim challenging his access to library materials, neither an alleged inadequate prison law library nor limited access thereto, standing alone, establishes extraordinary circumstances warranting equitable tolling of the limitation period. *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220. Furthermore, this argument provides no basis for equitable tolling as the record demonstrates that Petitioner, while acting *pro se*, filed numerous pleadings in his direct appeal and Rule 32 proceedings. Petitioner litigated his Rule 32 claims in both the trial court, the Alabama Court of Criminal Appeals, and the Alabama Supreme Court. Petitioner also prepared and filed the instant habeas petition. Thus, this assertion of equitable tolling is refuted by Petitioner's *pro se* litigation actions and history.

To the extent Petitioner presents his State-created impediment argument under § 2244(d)(1)(B) as an equitable tolling argument as well, he is entitled to no relief. Petitioner argues that he is entitled to equitable tolling because his failure to timely appeal the denial of his first Rule 32 petition was due to no fault of his own where he received notice of the trial court's order denying the petition with only two days left before his time to appeal

expired [6] and because it took time to correspond with and receive rulings from the state courts between the filing of his request for an out-of-time appeal and the filing of his second Rule 32 petition. *Court Doc. Nos. 21, 32*. These arguments, however, fail to show how Petitioner was prevented from filing a timely federal habeas action in this court prior to expiration of the one-year period of limitation.

### iii. *Expiration of the Limitation Period*

In this case, the court finds that Petitioner has failed to present any credible basis for either equitable or statutory tolling of the limitation period. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. Consequently, the court finds that Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute.

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on August 15, 2011. Petitioner filed the instant petition for federal habeas relief on August 25, 2011. Petitioner has failed to demonstrate that this

---

[6] As explained, Petitioner presented this argument on appeal from the denial of his second Rule 32 petition. The Alabama Court of Criminal Appeals noted that Petitioner could still have filed a timely notice of appeal with the trial court as he received notice of the trial court's denial of his initial Rule 32 petition 41 days after entry of said order, and he had otherwise failed to show why he was unable to file a notice of appeal upon learning of the trial court's decision. *Court Doc. No. 17, Exh. G* at 3.

federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas relief filed by Shawn Dickinson be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before December 12, 2013**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of November 2013.

/s /Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE